## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

MARY TORRES, *on behalf of herself and
all others similarly situated,*

              Plaintiff,

v.

DELANOR, KEMPER & ASSOCIATES, LLC,
FRANK D. WATSON, WILTON K. CAVER,
and KHURREM HAIDER,

              Defendants.

_____

## ORIGINAL CLASS ACTION COMPLAINT AND JURY DEMAND
_____

### NATURE OF ACTION

1.      This is class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* with individual claims pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where acts and transactions giving rise to Plaintiff's action occurred in this State and this District, where

Plaintiff resides in this State and this District, and where Defendants transact business in this State and this District.

## PARTIES

4.     Plaintiff Mary Torres ("Plaintiff") is a natural person who at all relevant times resided in the State of Colorado, County of Adams.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant, Delanor, Kemper & Associates, LLC ("Delanor") is a Foreign Limited Liability Company with its principal place of business situated at 448 Ralph David Abernathy, Unit 11, Atlanta, GA 30012. Delanor's principal mailing address is 2221 Peachtree Road, Suite 473, Atlanta, Georgia 30309.  Delanor may be served by and through its registered agent:  Irvin Allen Borenstein, 13111 E. Briarwood Ave., #340, Centennial, CO 80112.

7.     Delanor uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

8.     Delanor is registered as a collection agency with the Colorado Attorney General.

9.     Delanor is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10.     Defendant Frank D. Watson ("Watson") is a manager in the Delanor Limited Liability Company.   Watson may be served at:  2221 Peachtree Street, Suite 473, Atlanta, Georgia 30309.

11.     Watson uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12.     Watson is an individual who at all relevant times was engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

13.     Upon information and belief, Watson, at all relevant times, was personally involved in the collection of the debt at issue.

14.     Upon information and belief, Watson, at all relevant times, materially participated in Delanor's debt collection activities – through direct management of Delanor, by occupying positions of critical importance to Delanor, or otherwise.

15.     Upon information and belief, Watson, at all relevant times, exercised control over the affairs of Delanor.

16.     Upon information and belief, Watson, at all relevant times, played a significant role in designing and implementing Delanor's debt collection policy and procedure.

17.     Watson is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

18.     Defendant Wilton K. Caver ("Caver") is a manager in the Delanor Limited Liability Company.  Caver may be served at:  2221 Peachtree Street, Suite 473, Atlanta, Georgia 30309.

19.     Caver uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

20.     Caver is an individual who at all relevant times was engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

21.     Upon information and belief, Caver, at all relevant times, was personally involved in the collection of the debt at issue.

22.     Upon information and belief, Caver, at all relevant times, materially participated in Delanor's debt collection activities – through direct management of Delanor, by occupying positions of critical importance to Delanor, or otherwise.

23.     Upon information and belief, Caver, at all relevant times, exercised control over the affairs of Delanor.

24.     Upon information and belief, Caver, at all relevant times, played a significant role in designing and implementing Delanor's debt collection policy and procedure.

25.     Caver is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

26.     Defendant Khurrem Haider ("Haider") is a manager in the Delanor Limited Liability Company.  Haider may be served at:  6911 Creditview Road, Mississauga, Ontario, Canada L5N 8G1.

27.     Haider uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

28.     Haider, is an individual who at all relevant times was engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

29.     Upon information and belief, Haider, at all relevant times, was personally involved in the collection of the debt at issue.

30.     Upon information and belief, Haider, at all relevant times, materially participated in Delanor's debt collection activities – through direct management of Delanor, by occupying positions of critical importance to Delanor, or otherwise.

31.     Upon information and belief, Haider, at all relevant times, exercised control over the affairs of Delanor.

32.     Upon information and belief, Haider, at all relevant times, played a significant role in designing and implementing Delanor's debt collection policy and procedure.

33.     Haider is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

34.     "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

35.     Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); *see  Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D.Conn.1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1337-38 (D. Utah 1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal.1995); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

**FACTUAL ALLEGATIONS**

36.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Delanor, Watson, Caver, and Haider.

37.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Delanor, Watson, Caver, and Haider, arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family, or household purposes.

38.     In connection with the collection of an alleged debt, Delanor contacted Plaintiff's cellular telephone on July 11, 2011 at 1:54 P.M., and left the following pre-recorded voicemail message:

> "Please return this call within twenty [truncated]. Torres [truncated]. This is Delanor Kemper & Associates settlement and claims department. Your input is required for a decision on this matter. Please return this call within twenty-four hours. The contact number is 866-578-9072."

39.     The July 11, 2011 voicemail message failed to notify Plaintiff that the communication was from a debt collector.

40.     In failing to notify Plaintiff that the July 11, 2011 voicemail message was from a debt collector, the July 11, 2011 voicemail message failed to provide meaningful disclosure of the caller's identity.

41.     The July 11, 2011 voicemail message conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector, including, but not limited to, stating:

a.     "Please return this call within twenty [truncated]."

b.     ". . . settlement and claims department."

c.     "Please return this call within twenty-four hours."

42.     In connection with the collection of an alleged debt, Delanor contacted Plaintiff's

cellular telephone on August 5, 2011 at 6:22 P.M., and left the following pre-recorded voicemail

message:

> "866-9 [truncated]. Torres.  [truncated] This is Delanor Kemper &
> Associates settlement and claims department.  Please return this
> call within the next twenty-four hours.  The contact number is 1-
> 866-943-9340. Your input is needed in this matter."

43.     The August 5, 2011 voicemail message failed to notify Plaintiff that the

communication was from a debt collector.

44.     In failing to notify Plaintiff that the August 5, 2011 voicemail message was from

a debt collector, the August 5, 2011 voicemail failed to provide meaningful disclosure of the

caller's identity.

45.     The August 5, 2011 voicemail conveyed a false sense of urgency with regard to

said call for the purpose of compelling Plaintiff to communicate with a debt collector, including,

but not limited to, stating:

    a.   ". . . settlement and claims department."

    b.   "Please return this call within the next twenty-four hours."

46.     In connection with the collection of an alleged debt, Delanor contacted Plaintiff's

cellular telephone on August 16, 2011 at 3:31 P.M., and left the following pre-recorded

voicemail message:

> "number is 1-866 [truncated].  This is Delanor Kemper &
> Associates settlement and claims department.  Please return this
> call within the next twenty-four hours.  The contact number is 1-
> 866-943-9340. Your input is needed in this matter."

47.     The August 16, 2011 voicemail message failed to notify Plaintiff that the

communication was from a debt collector.

48.     In failing to notify Plaintiff that the August 16, 2011 voicemail message was from a debt collector, the August 16, 2011 voicemail failed to provide meaningful disclosure of the caller's identity.

49.     The August 16, 2011 voicemail conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector, including, but not limited to, stating:

    a.   ". . . settlement and claims department."

    b.   "Please return this call within the next twenty-four hours."

50.     Delanor, as a matter of pattern and practice, leaves, or causes to be left, voice messages/voice recordings with and/or for alleged debtors using language substantially similar or materially identical to that utilized in leaving, or causing to be left, the above-described voice messages/voice recordings with and/or for Plaintiff.

51.     Delanor placed no fewer than three (3) non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or pre-recorded voice, including, but not limited to, the calls placed on July 11, 2011 at 1:54 P.M., August 5, 2011 at 6:22 P.M., and August 16, 2011 at 3:31 P.M.

**CLASS ACTION ALLEGATIONS**

52.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 51.

53.     Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent a class of individuals defined as:

> All persons located in Colorado, who, within one year before the date of this complaint, received a voice message/voice recording

> from Delanor in connection with an attempt to collect any consumer debt, where the voice message was substantially similar or materially identical to the standardized messages delivered to Plaintiff.

54.     The proposed class specifically excludes the United States of America, the states of the 10th Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of The United States Court of Appeals for the Tenth Circuit and the Justices of The Supreme Court of the United States, all officers and agents of Defendants and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

55.     The class is averred to be so numerous that joinder of members is impracticable.

56.     The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

57.     The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

58.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented.  These common questions of law and fact predominate over questions that may affect individual class members.  Such issues include, but are not limited to: (a) The existence of Defendants' identical conduct particular to the matters at issue; (b) Defendants' violations of 15 U.S.C. §1692 *et seq.*; (c) The availability of statutory penalties; and (d) Attorneys' fees and costs.

59.     The claims of Plaintiff are typical of those of the class she seeks to represent.

60.     The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure, on the part of Delanor, Watson, Caver, and Haider.  Thus, if brought and

prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

61.     Plaintiff possesses the same interests and has suffered the same injuries as each class member.  Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

62.     Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class.

63.     Plaintiff is willing and prepared to serve this Court and proposed class.

64.     The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

65.     Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

66.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B).  The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

67.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class.  Such incompatible standards of conduct and varying adjudications, on what would

necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

68.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Delanor, Watson, Caver, and Haider have acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

69.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

70.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have interest in prosecuting and controlling separate individual actions; (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692e(11) ALL DEFENDANTS

71.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 70.

72.     15 U.S.C. § 1692e(11) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following Conduct is a violation of this section:

     \*      \*      \*

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11).

73.     Voicemail messages from debt collectors to debtors are "communications" regardless of whether a debt is mentioned in the message. *Berg v. Merchants Assoc. Collection Div., Inc.,* 586 F. Supp. 2d 1336 (S.D. Fla. 2008), *citing Belin v. Litton Loan Servicing, LP,* 2006 WL 1992410 \*4 (M.D. Fla. 2006) (holding that messages left on debtor's answering machines were "communications" under the FDCPA); *Hosseinzadeh,* 387 F. Supp. 2d at 1115-16 (holding that a voice mail message is a "communication" under the FDCPA).

74.     Delanor violated 15 U.S.C. § 1692e(11) by, in voicemail messages left for Plaintiff, failing to disclose that the communication was from a debt collector.

75.     Watson is personally liable for Delanor's conduct, absent the need to pierce Delanor's corporate veil, as a result of his involvement in the day-to-day management of Delanor's debt collection business, his responsibility for day-to-day supervision of Delanor's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Delanor's debt collection business.

76.     Caver is personally liable for Delanor's conduct, absent the need to pierce Delanor's corporate veil, as a result of his involvement in the day-to-day management of Delanor's debt collection business, his responsibility for day-to-day supervision of Delanor's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Delanor's debt collection business.

77.     Haider is personally liable for Delanor's conduct, absent the need to pierce Delanor's corporate veil, as a result of his involvement in the day-to-day management of Delanor's debt collection business, his responsibility for day-to-day supervision of Delanor's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Delanor's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Delanor, Watson, Caver, and Haider violated 15 U.S.C. § 1692e(11);

c) Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member per Defendant;

d) Awarding Plaintiff, and all those similarly situated, reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

e) Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT II: VIOLATION OF FAIR DEBT COLLECTION
PRACTICES ACT § 1692d(6)
ALL DEFENDANTS**

78.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 70.

79.     15 U.S.C. § 1692d(6) provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *       *       *
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d(6).

80.     "Meaningful disclosure" requires that the caller state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call. *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1115 (C.D. Cal. 2005); *Costa v. National Action Financial Services,* 634 F. Supp. 2d 1069 (E.D. Cal. 2007).

81.     A debt collector fails to meet the standards prescribed by 15 U.S.C. § 1692d(6) where it fails "to disclose that the caller was a debt collector and that the purpose of the call was to collect a debt."   *Koby v. ARS Nat. Services, Inc.*, 2010 WL 1438763 *5 (S.D. Cal. 2010).

82.     "15 U.S.C. 1692d(6) applies 'equally to automated message calls and live calls.'"   *Hosseinzadeh,* 387 F. Supp. 2d at 1115 (C.D. Cal. 2005), citing *Joseph v. J.J. Mac Intyre Cos.*, 238 F. Supp. 2d 1158 (N.D. Cal. 2002).

83.     Delanor violated 15 U.S.C. § 1692d(6) by failing to provide meaningful disclosure of the caller's identify in voicemail messages left for Plaintiff.

84.     Watson is personally liable for Delanor's conduct, absent the need to pierce Delanor's corporate veil, as a result of his involvement in the day-to-day management of Delanor's debt collection business, his responsibility for day-to-day supervision of Delanor's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Delanor's debt collection business.

85.     Caver is personally liable for Delanor's conduct, absent the need to pierce Delanor's corporate veil, as a result of his involvement in the day-to-day management of Delanor's debt collection business, his responsibility for day-to-day supervision of Delanor's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Delanor's debt collection business.

86.     Haider is personally liable for Delanor's conduct, absent the need to pierce Delanor's corporate veil, as a result of his involvement in the day-to-day management of Delanor's debt collection business, his responsibility for day-to-day supervision of Delanor's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Delanor's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b)   Adjudging that Delanor, Watson, Caver, and Haider violated 15 U.S.C. § 1692d(6);

c)   Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member per Defendant;

d)   Awarding Plaintiff, and all those similarly situated, reasonable attorneys' fees ands costs incurred in this action, including Counsel fees and expert fees;

e)   Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT III: VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT § 1692e(10)
## ALL DEFENDANTS

87.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 70.

88.     15 U.S.C. § 1692e(10) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *       *       *
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10).

89.     "It is a violation to send any communication that conveys to the consumer a false sense of urgency."  *Leyse v. Corporate Collection Services, Inc*., 2006 WL 2708451 (S.D. N.Y. 2006) (citing Federal Trade Commission Staff Commentary 53 Fed.Reg. 50097-02 (1988)); *see also Romine v. Diversitied Collection Servs*., 155 F. 3d 1142, 1143 (9th Cir. 1998) (holding that a debt collector violates 15 U.S.C. § 1692e(10) by creating a false sense of urgency).

90.     Delanor violated 15 U.S.C. § 1692e(10) by conveying a false sense of urgency in voicemail messages left for Plaintiff in connection with collection of an alleged debt from Plaintiff.

91.     Watson is personally liable for Delanor's conduct, absent the need to pierce Delanor's corporate veil, as a result of his involvement in the day-to-day management of Delanor's debt collection business, his responsibility for day-to-day supervision of Delanor's

debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Delanor's debt collection business.

92.     Caver is personally liable for Delanor's conduct, absent the need to pierce Delanor's corporate veil, as a result of his involvement in the day-to-day management of Delanor's debt collection business, his responsibility for day-to-day supervision of Delanor's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Delanor's debt collection business.

93.     Haider is personally liable for Delanor's conduct, absent the need to pierce Delanor's corporate veil, as a result of his involvement in the day-to-day management of Delanor's debt collection business, his responsibility for day-to-day supervision of Delanor's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Delanor's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Delanor, Watson, Caver, and Haider violated 15 U.S.C. § 1692e(10);

c)  Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member per Defendant;

d)  Awarding Plaintiff, and all those similarly situated, reasonable attorneys' fees ands costs incurred in this action, including Counsel fees and expert fees;

e)  Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(B)(A)(iii) ALL DEFENDANTS

94.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 70.

95.     47 U.S.C. § 227(B)(A)(iii) provides:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

\*       \*       \*

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

\*       \*       \*

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

47 U.S.C. § 227(B)(A)(iii).

96.     Delanor violated 47 U.S.C. § 227(b)(A)(iii) by willfully and knowingly using an automatic telephone dialing system and/or pre-recorded voice to make and/or place no less than three (3) non-emergency telephone calls to Plaintiff's cellular telephone line absent Plaintiff's prior consent.

97.     Watson is personally liable for Delanor's conduct, absent the need to pierce Delanor's corporate veil, as a result of his involvement in the day-to-day management of Delanor's debt collection business, his responsibility for day-to-day supervision of Delanor's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Delanor's debt collection business.

98.     Caver is personally liable for Delanor's conduct, absent the need to pierce Delanor's corporate veil, as a result of his involvement in the day-to-day management of Delanor's debt collection business, his responsibility for day-to-day supervision of Delanor's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Delanor's debt collection business.

99.     Haider is personally liable for Delanor's conduct, absent the need to pierce Delanor's corporate veil, as a result of his involvement in the day-to-day management of Delanor's debt collection business, his responsibility for day-to-day supervision of Delanor's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt,

his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Delanor's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Delanor, Watson, Caver, and Haider violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

a) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

### JURY DEMAND

100.    Plaintiff is entitled to and demands a trial by jury on all counts


WEISBERG & MEYERS, LLC

By: /s/ Craig Ehrlich
        Craig Ehrlich
        5025 N. Central Ave., #602
        Phoenix, AZ 85012
        Telephone: (602) 445 9819
        (866) 565-1327 (fax)
        cehrlich@attorneysforconsumers.com

        Attorneys for Plaintiff MARY TORRES